IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ERROL McKENZIE,

    Petitioner,

v.                            CIVIL ACTION NO.: CV513-024

UNITED STATES OF AMERICA,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Errol McKenzie ("McKenzie"), an inmate currently incarcerated at D. Ray James Prison in Folkston, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss.[1] McKenzie failed to file a Response. The undersigned entered a Report dated May 22, 2013, recommending that Respondent's Motion to Dismiss be granted. (Doc. No. 10). Approximately ten (10) days later, McKenzie filed a Motion for Extension of Time to file a Response to the Motion to Dismiss. The undersigned partially granted McKenzie's Motion, vacated the May 22, 2013, Report, and permitted McKenzie until July 15, 2013, to file a Response to Respondent's Motion. (Doc. No. 13). McKenzie has failed to do so. For the following reasons, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE FACTS

McKenzie was convicted in the Southern District of Florida after pleading guilty to importing five kilograms or more of cocaine, in violation of 21 U.S.C. § 952(a). The

---

[1] McKenzie names the United States of America as the Respondent in this case. The only proper respondent in a section 2241 petition is the warden at the facility where the petitioner is housed. 28 U.S.C. § 2243.

district court sentenced McKenzie to 105 months' imprisonment. McKenzie did not file a direct appeal.

McKenzie filed a motion to vacate, correct, or set aside his conviction pursuant to 28 U.S.C. § 2255. In that motion, McKenzie raised two (2) grounds for relief, both of which were premised on his allegation that he received ineffective assistance of counsel. McKenzie asserted that his counsel was ineffective because counsel failed to seek a downward departure based upon the conditions of McKenzie's pretrial confinement in Curacao and failed to argue for a minimal role mitigation at sentencing. (Doc. No. 8-8, pp. 2-3). McKenzie withdrew his second ground for relief. (Id. at p. 6). The district court found that McKenzie failed to show that his counsel rendered ineffective assistance as to his first ground for relief (conditions of confinement) and denied McKenzie's petition. (Id. at pp. 11-12; Doc. No. 8-9). McKenzie filed a motion for leave to file a second or successive section 2255 motion, which the Eleventh Circuit Court of Appeals denied.

In this petition, McKenzie asserts that his counsel was ineffective for failing to seek a downward departure based on the conditions of his confinement in Curacao or a mitigating role adjustment at sentencing. Respondent contends that McKenzie's petition should be dismissed, as he does not satisfy the savings clause of § 2255.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally

2

imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

McKenzie's action is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. McKenzie makes no assertion which reveals how the remedy afforded by section 2255 is inadequate or ineffective to challenge the legality of his detention.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

McKenzie has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th

3

Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). McKenzie raised both grounds of ineffective assistance in his first § 2255 motion and was unsuccessful. Because McKenzie has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

McKenzie cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). McKenzie is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that McKenzie's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 23rd day of July, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

4